UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KAMALPREET SINGH,

      Petitioner,

          v.

BRIAN ENGLISH, SAMUEL OLSON,
TODD LYONS, PAMELA BONDI,
KRISTI NOEM,

      Defendants.

CAUSE NO. 3:25-CV-1046-CCB-SJF

## OPINION AND ORDER

Immigration detainee Kamalpreet Singh, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. Respondents have filed a response and Singh has filed a reply. ECF 6, 8. The petition is ready to be decided.

Singh is an Indian citizen who entered the United States in 2023 without authorization and was placed in removal proceedings under 8 U.S.C. § 1229a as an inadmissible alien. He was released on his own recognizance while his removal proceedings were ongoing. He filed an application for asylum and a hearing before an immigration court was scheduled for February 2027.

On August 9, 2025, Singh was arrested in Marion County, Indiana, on misdemeanor battery charges for allegedly striking his sister's boyfriend. ECF 1-17 at 4. After he posted bond on the criminal case, he was transferred to detention under Immigration and Custody Enforcement (ICE) and his immigration case was transferred

to Indianapolis. He was denied bond after the immigration judge ("IJ") determined he was not eligible for bond because he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 1-6. Singh filed a Petition for Writ of Habeas Corpus with the District Court for the Southern District of Indiana, challenging the determination that the IJ lacked jurisdiction to grant him bond. The district court found that Singh was detained pursuant to 8 U.S.C. § 1226(a), making him "eligible for (although not necessarily entitled to) bond," rather than 8 U.S.C. § 1225(b)(2), which does not entitle him to a bond hearing. *Singh v. Bondi*, No. 1:25-CV-02101-SEB-TAB, 2025 WL 3029524, at *7 (S.D. Ind. Oct. 30, 2025).

Following the grant of habeas relief, Singh was given a bond hearing on November 3, 2025, before the same IJ who had previously denied him bond. The IJ again denied bond, concluding that Singh (1) posed a danger to the community based on the circumstances surrounding his underlying criminal charges, and (2) posed a flight risk because he had an order of removal, he had limited family ties in the area, and his fixed address was connected to the victims in his underlying criminal charges. ECF 1-17 at 4-5.

Two days after the bond hearing, the criminal charges against Singh were dropped and the "No Contact Orders" entered in that case were terminated. ECF 1-19. Based on this change of circumstance, Singh filed a Motion for Custody Redetermination Based on Changed Circumstances. ECF 1-20. In his request, Singh argued that his criminal charges had been dismissed and that he now had stable housing. *Id.* at 4-5. On December 3, 2025, an IJ held a hearing and heard arguments

regarding Singh's alleged change of circumstances. ECF 1-21; ECF 1 at 9. The following day, the IJ denied Singh's custody determination request, finding that "these changes in circumstances are not material changes that merit this Court conducting another custody redetermination hearing" under 8 C.F.R. § 1003.19(e). ECF 1-21. The IJ further noted that Singh "is subject to a removal order that is currently pending on appeal before the Board of Immigration Appeals" and "there is no amount of bond that would ensure [his] appearance in Court in light of the removal order." *Id.* Singh timely appealed this decision to the BIA, which remains pending. ECF 1 at ¶ 47; ECF 8 at ¶ 6.

Singh alleges the immigration court has converted 8 U.S.C. § 1226(a) into a de facto no-bond regime once an order of removal has been entered, even if not final. He argues this de facto no-bond regime following entry of a removal order that is not yet final, violates the Immigration and Nationality Act, its regulations, and due process. He further argues his prolonged and arbitrary detention violates due process. He asks that the court order his immediate release from custody under reasonable conditions of supervision or, alternatively, order a prompt, bona fide custody hearing under 8 U.S.C. § 1226(a) before a different immigration judge. The government responds that this habeas petition should be dismissed because Singh did not exhaust his available administrative remedies before filing this petition, as Singh's appeal of the denial of his bond redetermination still is pending before the BIA.

When "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be done. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). A court may require administrative

exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy and administrative comity. *Id.* at 1017. A petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court," *id.* at 1018, though "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue," *id.* at 1016.

The immigration regulations provide the following regarding bond redetermination: Once a detainee has been denied bond, he may seek bond redetermination before an IJ. *See* 8 C.F.R. § 1003.19(e);  8 C.F.R. § 236.1(d)(1) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's decision on bond redetermination to the BIA. 8 C.F.R. § 236.1(d)(3).

In the case at hand, Singh had the available remedy of appealing the IJ's decision denying his request for a bond redetermination to the BIA before filing this petition. The record indicates Singh's appeal still is pending before the BIA. There is no evidence that the BIA has "predetermined the issue" here, and the BIA's decision may alter the IJ's decision and ultimately render this petition moot. *See Uddin v. Lowe*, No. 3:16-cv-

4

2561, 2017 WL 2960791, at *3 (M.D. Penn. July 11, 2017) (concluding that "discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary," including fully appealing the denial of a bond redetermination to the BIA.). Accordingly, Singh's petition for writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE** and subject to renewal should Singh exhaust his available administrative remedies as discussed herein.

SO ORDERED on March 19, 2026

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT